## UNITED STATES *v.* STRICKLAND.

*(Circuit Court, S. D. Georgia.* November 10, 1885.)

1. CRIMINAL LAW—VIOLATION OF INTERNAL REVENUE LAWS—INFORMATION FOR SELLING TOBACCO.

An affidavit stating that a party on trial "sold tobacco" will not support an information charging the accused with carrying on the business of a retail dealer in tobacco without paying the special tax.

2. SAME—AFFIDAVIT.

Such an affidavit, to authorize an information, must conform substantially to the language of the statute alleged to be violated; certainly it must plainly distinguish the offense.

Violation of Section 3242, Rev. St.

*Lester & Ravend,* for defendant.

*S. A. Darnell,* Dist. Atty., *contra.*

SPEER, J. The prisoner is charged by information filed by the district attorney with the offense of carrying on the business of a dealer in manufactured tobacco, without paying the special tax as required by law. The information is based on an affidavit made before a commissioner of the court, in which affidavit it is stated that the prisoner "sold tobacco without paying the special tax," etc. A motion to quash the information is made for the reason that no offense is sufficiently stated in the affidavit on which the information is based. The power of the district attorney to file informations against the citizen should not be enlarged by a lax enforcement of the rules of practice. The rule in this district has been always to require the affidavit which is the basis of the information, substantially to conform to the language of the statute alleged to have been violated. This rule is practical, intelligible, and reasonable. Certainly the affidavit should clearly distinguish the offense. Here the prisoner might be at a loss to understand, so far as the affidavit has informed him, whether he is to be tried as a wholesale or a retail dealer in tobacco, or whether the prosecution relies on a single sale or many sales. The evidence in a prosecution for this offense must show that it was *the business* of the party charged to *sell* or offer for sale tobacco, etc. Act March 1, 1879, § 4. The affidavit should have stated that he "carried on the business," and, failing to do this, the information depending upon it must be quashed.